UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------

MARGARET STEINHOFF, *et ux.*
MICHAEL STEINHOFF,

                             Plaintiff,

    -vs-

MERCK & CO., INC.,

                             Defendant.

------------------------------------------------------------------

**NOTICE OF CROSS-MOTION**
Case No. 08-Civ-3074

PLEASE TAKE NOTICE that upon the attorney affirmation of Ronald R. Benjamin, dated the 10th day of April, 2008, and the Defendant's Notice of Removal and exhibits, and the accompanying Memorandum of Law, dated April 10, 2008, and upon all the pleadings and prior proceedings heretofore had, served and/or filed herein, plaintiff will cross-move this Court, before the Honorable George B. Daniels at a date to be set by the Court, in the United States Courthouse for the Southern District of New York, for an order pursuant to 28 U.S.C. §1447(c) remanding this action back to the New York State Supreme Court for the County of New York from which it was improperly removed by defendant Merck & Co., Inc., on the grounds of alleged fraudulent joinder and other allegations of tactically avoiding removal, and will seek such other and further relief as is just and proper.

Dated: April 10, 2008
       Binghamton, New York

                                 RONALD R. BENJAMIN   Fed. Bar No. 101131
                                 LAW OFFICE OF RONALD R. BENJAMIN
                                 Attorneys for Plaintiff
                                 126 Riverside Drive, P. O. Box 607
                                 Binghamton, New York 13902
                                 607/772-1442

TO:    Theodore V. H. Mayer, Esq.
        Vilia B. Hayes, Esq.
        Robb W. Patryk, Esq.
        HUGHES HUBBARD & REED LLP
        Attorneys for Defendant Merck & Co., Inc.
        One Battery Park Plaza
        New York, New York 10004-1482

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------
MARGARET STEINHOFF, *et ux.*
MICHAEL STEINHOFF,

|  |  |
|---|---|
| Plaintiff, | **ATTORNEY AFFIRMATION** |
| -vs- | Case No. 08-Civ-3074 |
| MERCK & CO., INC., |  |
| Defendant. |  |

-------------------------------------------------------------------

| | |
|---|---|
| STATE OF NEW YORK | ) |
| | ) ss: |
| COUNTY OF BROOME | ) |

RONALD R. BENJAMIN, an attorney duly admitted to practice in the State of New York,

hereby affirms under penalty of perjury as follows:

1.  I am the attorney for the plaintiff and make this affirmation in support of plaintiff's

opposition to the defendant's motion to stay the proceedings pending a decision on transfer by the

Judicial Panel on Multi-District Litigation.

2.  This affirmation further supports the plaintiff's instant cross-motion to remand this action

back to the New York State Supreme Court for the County of New York from which it was removed

by defendant Merck & Co., Inc., on the grounds of alleged tactical avoidance of removal, which

appears to also suggest fraudulent joinder.

3.  Plaintiff was originally named in the caption of a multi-plaintiff action filed on February

3, 2005, in the Supreme Court of the State of New York for the County of New York, entitled Mary

Ann Sabatino & Raymond Sabatino, Lucretia Nobile et ux., Matthew A. Nobile Anthony Orioles et

ux. Geraldine Orioles, Hilda Peltz et ux. Jack J. Peltz, & Margaret Steinhoff et ux. Michael

Steinhoff, v. Pfizer, Inc., Pharmacia Corporation, a wholly-owned subisidiary of Pfizer, Inc., and

Pharmacia & Upjoihn Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Index No. 101572/05, as confirmed by Merck's Acknowledgment of Service, annexed hereto as **Exhibit A.**

4. By Administrative Order dated April 14, 2006, all cases seeking damages for ingestion of Bextra, Celebrex and Vioxx, whether alone or in combination, were assigned to the Hon. Shirley W. Kornreich for the purpose of coordination for all purposes. *See Administrative Order, annexed as last document in Merck's Ex.4., at page 1.*

5. Plaintiffs in multi-plaintiff complaint captions were required to file separate actions by the prior orders of the Honorable Helen Freedman (*see copies of orders annexed hereto as **Exhibit B***), and for that reason, plaintiff commenced a separate action by filing of the complaint with the New York Supreme Court for the County of New York on August 11, 2006. *See Complaint annexed as Exhibit 1 to Notice of Removal*

6. As Merck appears to concede in its moving papers, it did not seek to remove the original complaint during the one-year period after it was filed, nor the separate complaint during the one-year period after it was filed.

7. On its face, the complaint alleges product liability and fraud claims against defendant Merck & Co., as well as Pfizer, Inc., arising out of the plaintiff's ingestion of their respective drugs Vioxx and Celebrex. *Id., at paras. 15-16.* It is clear from the complaint that plaintiff alleged indivisible injury based on the same personal injury risks posed by these two drugs.

8. The complaint alleges plaintiff "ingested the drug Celebrex in or about 2002, as directed by her physicians and in accordance with the respective manufacturer's instructions." *Complaint, Merck Ex. 1, at para. 16.* Her ingestion of Celebrex at the 200 mg daily dose in 2002 is documented in medical records. *See **Exhibit C**.*

9.  On the face of the original multi-plaintiff complaint and the instant separate action complaint, it is clear plaintiff did not sue any physician, salesman distributor or fictitious John Doe; rather, they confirm she sued as co-defendants only the manufacturers of the other Cox-II inhibitor drugs plaintiff ingested, manufactured and marketed by Merck's competitor, Pfizer

10.  Further, the complaints allege both the plaintiff and defendant Pfizer are citizens of the State of New York *(Notice of Removal, at para. 5)*, and defendant's removal papers do not in any respect indicate there is any evidence that defendant Pfizer is not a citizen of New York State as alleged in the complaint at the time of filing.  Instead, defendant Merck appears to concede diversity of citizenship was not a basis for federal jurisdiction in this case at the time either the original or amended complaint was filed, and claims the Stipulation that discontinued plaintiff's claims against its co-defendant Pfizer almost three years later was some kind of "tactical avoidance."

11.  Merck is or should be fully aware there is ongoing nationwide litigation against the Pfizer defendants, as well as multidistrict litigation, and that on November 19, 2007, the Honorable Charles R. Breyer issued an opinion holding that the "plaintiffs have not presented scientifically reliable evidence that Celebrex causes heart attacks or strokes when ingested at the 200 milligram a day dose."  IN RE: BEXTRA AND CELEBREX MARKETING SALES PRACTICES AND PRODUCT LIABILITY LITIGATION (MDL No. 1699), 524 F. Supp. 2d 1166, 1169, 2007 U.S. Dist. LEXIS 85382 at *40 (N.D.CA 2007).

12.  Judge Breyer's order came within days after the Compliance Motion Order entered by Special Master Fern M. Smith cited by Merck, which required expedited compliance with discovery requirements of Case Management Order No. 6 within 21 days. *See Merck's Ex. 4 annexed to the Notice of Removal.*  However, it is clear Judge Breyer's decision intervened and had a clear impact on the viability of the plaintiff's claims based on her ingestion of Celebrex.

13.  Indeed, thereafter, Pfizer filed a motion for failure to comply with Judge Smith's

expedited order, and it was not until March 5, 2008, that plaintiff's counsel signed the Stipulation of

Dismissal with Prejudice Against Pfizer Defendants. *See Stipulation annexed as Ex. 2 to Notice of*

*Remand.*

14. However, it is significant that, on February 25, 2008, prior to executing the Stipulation,

counsel for plaintiff filed a cross-motion for an extension of time based on the fact that "Judge

Breyer's decision and the overlapping events...have clearly raised significant issues as to the

likelihood of success of each of the plaintiff's claims [based on Celebrex]" which required him to

evaluate the individual claims and identify claims that should be discontinued and advise the

plaintiffs of the same. *See annexed hereto as **Exhibit D**, Attorney Affirmation (without exhibit) in*

*support of cross-motion, at paras. 6-7.*

15. In view of the aforesaid matters confirming there was no fraudulent joinder or tactical

avoidance that supports removal beyond the one-year period, it is respectfully requested that this

Court should DENY the defendant's motion for a stay since the rules provide plaintiff without thirty

days within which to file a motion to remand, and this Court is the only court that currently has

jurisdiction over this case.

16. Moreover, this Court should GRANT the plaintiff's cross-motion to remand this action

to the New York State Supreme Court for the County of New York, in the coordinated litigation

before Judge Kornreich which will obviate the transfer of this case.

Dated: April 10, 2008
      Binghamton, New York

                        RONALD R. BENJAMIN Fed.Bar No. 101131
                        LAW OFFICE OF RONALD R. BENJAMIN
                        Attorneys for Plaintiff
                        126 Riverside Drive, P. O. Box 607
                        Binghamton, New York 13902
                        607/772-1442

**Exhibit**

**A**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------X
MARY ANN SABATINO and RAYMOND SABATINO,
LUCRETIA NOBILE, et ux. MATTHEW A.
NOBILE, ANTHONY ORIOLES, et ux.
GERALDINE ORIOLES, HILDA PELTZ, et ux.
JACK J. PELTZ, and MARGARET STEINHOFF,
et ux. MICHAEL STEINHOFF,

ACKNOWLEDGMENT OF RECEIPT OF
SUMMONS AND COMPLAINT BY MAIL
Index No.: 101551/05.
Date Filed: February 3, 2005

101572/05

                              Plaintiffs,

        - against -

PFIZER, INC., PHARMACIA CORPORATION, a
wholly-owned subsidiary of PFIZER, INC.,
PHARMACIA & UPJOHN COMPANY, a wholly-
owned subsidiary of PHARMACIA CORPORATION,
and MERCK & CO., INC.,

                              Defendants.
------------------------------------X

TO:     Merck & Co., Inc.
        One Merck Drive
        P.O. Box 100 WS3AB-05
        Whitehouse Station, New Jersey 08889-0100

        I received a summons and complaint in the above captioned matter at _Whitehouse Station, NJ_

        Please check one of the following:

        1.  [X]  I am not in the military service.

        2.  [ ]  I am in the military service, and my rank, serial number and branch of service are as
follows:

                Rank:_____

                Serial Number:_____

                Branch:_____

                        TO BE COMPLETED REGARDLESS OF MILITARY STATUS:

                Date: _March 8, 2005_
                        (Date this Acknowledgment is executed)

        I affirm the above as true under penalty of perjury.

        Signature: _Hughes Hubbard + Reed LLP by Vilia B. Hayes_

        Print Name: _Hughes Hubbard + Reed LLP by Vilia B. Hayes_

        Address: _One Battery Park Plaza_
                 _New York, NY 10004_

        Name of Defendant for which acting: _Merck & Co., Inc_

        Position with Defendant for which acting (i.e., officer, (attorney) etc.)

                        PLEASE COMPLETE ALL BLANKS INCLUDING DATES

FILED

MAR 09 2005

NEW YORK
COUNTY CLERK'S OFFICE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

MARY ANN SABATINO, et al,

                              Plaintiffs,

         -against-

PFIZER, INC., et al.

                          Defendants.

Index No. 101572/05

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK    )
                     )   ss:
COUNTY OF NEW YORK )

I, Edward A. Schaefer, being duly sworn, deposes and says that I am a licensed Process Server (license number 1169480) and I reside in the county of Queens, New York, am over the age of eighteen years and not a party to this action. That on the 9th day of March, 2005, I served a true copy of the foregoing  ACKNOWLEDGEMENT OF RECEIPT OF SUMMONS AND COMPLAINT BY MAIL upon:

Ronald R. Benjamin, Esq.
126 Riverside Drive
P.O. Box 607
Binghamton, New York
13902-0607

Page 2

By mailing a true copy thereof, securely enclosed in a post-paid, properly addressed wrapper, in a mail box under the exclusive care and custody of the United States Postal Service at One Battery Park Plaza, New York, New York 10004.

EDWARD A. SCHAEFER

Sworn to before me this
9 th day of March, 2005.

Notary Public

PATRICIA E. SMITH
Notary Public, State of New York
No: 1SM4796951
Qualified in Richmond County
Certificate Filed in New York County
Commission Expires March 30, 20 27

Exhibit

B

# SUPREME COURT OF THE STATE OF NEW YORK — NEW YORK COUNTY

PRESENT: **SHIRLEY WERNER KORNREICH**
J.S.C.

PART 54

Index Number : 101572/2005

SABATINO, MARY ANN

vs

PFIZER INC

Sequence Number : 001

DISMISS ACTION

| | |
|---|---|
| INDEX NO. | _____ |
| MOTION DATE | _____ |
| MOTION SEQ. NO. | _____ |
| MOTION CAL. NO. | _____ |

The following papers, numbered 1 to _____ were read on this motion to/for _____

| | PAPERS NUMBERED |
|---|---|
| Notice of Motion/ Order to Show Cause — Affidavits — Exhibits ... | 1, 2 |
| Answering Affidavits — Exhibits _____ | 3 |
| Replying Affidavits _____ | 4, 5 |

Cross-Motion: ☐ Yes ☒ No

Upon the foregoing papers, it is ordered that this motion *is decided in accordance with the annexed decision —*

*FILED*

JAN 10 2006

COUNTY CLERK'S OFFICE
NEW YORK

JAN - 4 2006

Dated: 12/21/05

**SHIRLEY WERNER KORNREICH**
J.S.C.

_____ J.S.C.

MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE
FOR THE FOLLOWING REASON(S):

Check one: ☐ FINAL DISPOSITION ☒ NON-FINAL DISPOSITION

Check if appropriate: ☐ DO NOT POST ☐ REFERENCE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: PART 54
-------------------------------------------------------------------X
MARY ANN SABATINO & RAYMOND
SABATINO, LUCRETIA NOBILE et ux.
MATTHEW A. NOBILE, ANTHONY ORIOLES
et ux. GERALDINE ORIOLES, HILDA PELTZ
et ux. JACK J. PELTZ, & MARGARET STEIN-
HOFF et ux. MICHAEL STEINHOFF,

                    Plaintiffs,

                                                    INDEX NO.: 101572/05
          -against-                                 **DECISION AND JUDGMENT**

PFIZER INC., PHARMACIA CORP., a wholly-
owned subsidiary of PFIZER INC.,  PHARMACIA
& UPJOHN CO., a wholly-owned subsidiary of
PHARMACIA CORP. & MERCK & CO., INC.,

                    Defendants.
-------------------------------------------------------------------X
HON. SHIRLEY WERNER KORNREICH, J.:

      Plaintiffs commenced this action to recover for injury allegedly caused them by ingesting

prescription drugs manufactured by defendants.  The defendants, other than Merck & Co., Inc.

("Merck"), now move to dismiss the action against them.

      Specifically, the complaint in this action contends that the moving parties ("Pfizer

defendants") manufactured, marketed and distributed Celebrex and Bextra and promoted the

products in medical journals, by using sales representatives, experts and medical education

programs to encourage physicians to prescribe the products, by direct advertising and through the

media to promote their use by consumers. Compl., paras. 6, 7, 9, 10.  It continues by alleging

that, "based on defendant's [sic] promotional activity with respect to the aforesaid products,

plaintiffs were prescribed the drugs based on the belief the same was safe to use and was unlikely

to subject each plaintiff to serious side effects as a result of use of the products." *Id.* at 11. The complaint then states that six plaintiffs, relying "on the same," ingested the drugs "for a period of time as instructed by their prescribing physicians." *Id.* at 12.

The complaint contends that "had defendants carried out proper testing on their products it [sic] would have realized the risks of using their products including cardiovascular events but not limited to heart attack, stroke and thromboembulism, and that the risk outweighed any alleged benefits from the products." *Id.* at para. 13. It also alleges that defendants intentionally hid and withheld from the public, safety concerns expressed by its researchers linking the drug to heart risks. *Id.* at 14. Finally, the complaint states that Mary Ann and Raymond Sabatino and Anthony Orioles ingested Vioxx, Bextra and Celebrex, Lucretia Nobile ingested Vioxx and Bextra, and Hilda Peltz and Margaret Steinhoff ingested Vioxx and Celebrex, "at the direction of [their] physicians and in accordance with the manufacturer's [sic] instructions" and that they sustained injuries as a "direct and proximate result," solely by reason of defendants' defective products. *Id.* at 15-24.

The following causes of action are alleged: 1) negligence and gross negligence; 2) strict products liability; 3) misrepresentation; 4) breach of express and implied warranties; and 5) violations of BCL §349. Movants argue that dismissal is in order because: 1) plaintiffs failed to plead specific facts "demonstrating how each Defendant caused injury to Plaintiffs"; 2) the doctrine of "informed intermediary" bars plaintiffs' negligence, gross negligence, negligent misrepresentation, failure to warn and breach of implied warranty causes of action; 3) plaintiffs failed to allege negligent misrepresentation with the required particularity; 4) the complaint fails to allege facts sufficient to establish the material elements of strict products liability,

2

manufacturing defect and breach of warranty; and 5) plaintiffs failed to adequately plead the elements of BCL §349.

Plaintiffs oppose the motion, arguing that the complaint, alleging that the defendants are jointly and severally liable, is sufficient to withstand a dismissal motion,. Moreover, they contend that defendants prematurely are moving on the learned intermediary doctrine, a defense which, as yet, has not been pled. They further deny the necessity of detailing the alleged misrepresentations made by defendants and argue that the complaint alleges ample facts to establish the elements of design defect since they need not plead a safe alternative design in pleadings. Finally, plaintiffs contend they need not allege a specific defect for breach of warranty and, given the fact that discovery has not taken place, adequate allegations have been asserted to allege a violation of GBL §349.

## Conclusions of Law

The motion, here, seeks dismissal for failure to state a cause of action pursuant to CPLR 3211(a)(7). In determining a motion under this section, the Court must "accept the facts as alleged in the complaint as true, accord plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory." *Leon v. Martinez,* 84 N.Y.2d 83, 87-88 (1994).

### *1. Specificity of Complaint Demonstrating Proximate Cause*

Moving defendants argue that plaintiffs have failed to allege the precise tortuous conduct attributable to each defendant, specifically failing to identify a causal link between each defendant's product and each plaintiff's injuries. CPLR §3013 requires that pleadings "shall be sufficiently particular to give the court and parties notice of the transactions, occurrences, or

3

series of transactions or occurrences, intended to be proved and the material elements of each cause of action." The facts alleged in the instant complaint are pleaded in sufficient detail to provide adequate notice of the causal connection between defendants' conduct and plaintiffs' injuries.[1]

The complaint alleges that the Pfizer defendants manufactured, promoted, failed to properly test and improperly suppressed research results regarding Celebrex and Bextra. It further contends that the Sabatinos and Anthony Orioles ingested Bextra and Celebrex, that Lucretia Nobile ingested Bextra, and that Hilda Peltz and Margaret Steinhoff ingested Celebrex due to Pfizer's promotion of its product and that, "as a direct and proximate result," they all sustained injuries. Additionally, as noted by plaintiffs the complaint alleges joint and several liability as against Pfizer and Merck, the manufacturer of Vioxx, a drug also ingested by all of the plaintiffs. Accepting the facts as alleged in the complaint as true, as the Court must do in this pre-answer motion to dismiss, and according plaintiffs the benefit of every possible favorable inference, the facts are sufficient to allege concurrent, successive or alternative liability theories which would establish a causal link between the Pfizer defendants' products and plaintiffs' injuries. *See Hymowitz v. Eli Lilly & Co.*, 73 N.Y.2d 487, 505-7 (1989); *Ravo v. Rogatnick,* 70 N.Y.2d 305, 309-12 (1987). Nonetheless, the Court grants defendants' motion to dismiss without prejudice and with leave to replead the allegedly injured plaintiffs' six actions in separate complaints under separate index numbers.

2. *Informed Intermediary Doctrine*

---

[1] The Court discusses the sufficiency of the pleading alleging negligent misrepresentation and express warranty, *infra.*

4

Movants further argue that the informed intermediary doctrine mandates dismissal of the negligence claims (negligence, gross negligence and negligent misrepresentation) and the failure to warn claims. Plaintiffs counter that the motion is premature since the learned intermediary defense must be pled and movants' have not as yet answered. They further argue that, even were this issue timely raised, dismissal should not be granted on this defense.

As explained in *Martin v. Hacker*, 83 N.Y.2d 1, 9 (1993):

> Warnings for prescription drugs are intended for the physician, whose duty it is to balance the risks against the benefits of various drugs and treatments and to prescribe them and supervise their effects. The physician acts as an "informed intermediary"...between the manufacturer and the patient; and thus, the manufacturer's duty to caution against a drug's side effects is fulfilled by giving adequate warning through the prescribing physician, not directly to the patient.... The warning must provide sufficient information to that category of prescribing physicians who may be expected to have the least knowledge and experience with the drug...

*Accord McDonnell v. Chelsea Manufacturers, Inc.*, 259 A.D.2d 674, 676 (2d Dept. 1999).

The informed intermediary doctrine requires the warnings to be sufficient for the doctor to assess the risks associated with the drug or medical device in relation to the patient's needs. *Bukowski v. CooperVision, Inc.*, 185 A.D.2d 31, 35 (3d Dept. 1993). The adequacy of the warnings is generally a question of fact left to trial. *Id.* at 34; *Erony v. Alza Corp.*, 913 F.Supp. 195, 199 (SDNY 1995); *Figueroa, supra.* Here, where issue has not been joined and discovery has not as yet taken place, dismissal based on the informed intermediary doctrine would be inappropriate.

### 3. *Negligent Misrepresentation*

Defendants' motion, however, should be granted as to negligent misrepresentation in regard to any representations allegedly made to plaintiffs, rather than their doctors. CPLR

§3016(b) provides:

> Where a cause of action or defense is based upon misrepresentation, fraud, mistake, wilful default, breach of trust or undue influence, the circumstances constituting the wrong shall be stated in detail.

In the case of misrepresentation, this has been interpreted to require that the essential material facts supporting the allegations, be included. *Lipton v. Unumprovident Corp.*, 10 A.D.3d 703, 707 (2d Dept. 2004); *Shalmoni v. Shalmoni*, 141 A.D.2d 628, 629 (2d Dept. 1988). However, when the circumstances constituting the misrepresentation are within the knowledge of the defendant, the specificity required by CPLR §3016(b), will not be strictly enforced. *Bazak Intl. Corp. v. Mast Indus., Inc.*, 73 N.Y.2d 113, 125 (1989).

Here, plaintiffs rely on conclusory allegations, failing to specify with the requisite particularity, the misrepresentations made in any public advertisements and promotions upon which they allegedly relied. The misrepresentation cause of action in regard to the public advertisements and promotions, therefore, is dismissed. *See Hernandez v. N.Y.C. Law Dept. Corp.*, 258 A.D.2d 390 (1st Dept. 1999). However, given the fact that the details of any representations made by defendants' representatives to plaintiffs' doctors are peculiarly within the knowledge of defendants and those doctors, the Court will not dismiss the cause of action as it pertains to misrepresentations allegedly made to plaintiffs' physicians. *See Bazak Intl. Corp. v. Mast Indus., Inc., supra.*

### 4.  Strict Products Liability and Breach of Warranty

### A.  Strict Products Liability

The theory of strict liability does not require a showing of negligence, but rather focuses upon whether the product was reasonably safe. *Voss v. Black & Decker Mfg. Co.*, 59 N.Y.2d 102

(1983). A product is unreasonably safe and, thus, defective when its " 'utility does not outweigh

the danger inherent in its introduction into the stream of commerce. ' " *Id.*  Strict liability is

proved

> "..if the defect was a substantial factor in bringing about [plaintiff's] damages;
> provided: 1) that at the time of the occurrence the product is being used ***
> for the purpose and in the manner normally intended, 2) that if the person in-
> jured or damaged is himself the user of the product he would not by exercise
> of reasonable care have both discovered the defect and perceived its danger,
> and 3) that by the exercise of reasonable care the person injured or damaged
> would not otherwise have averted his injury or damages."

*Id.* at 106.  A plaintiff may bring an action based on strict products liability due to a mistake in the

manufacturing process, the defective design of the product or the inadequacy of warnings

regarding the product's use.  *Sprung v. MTR Ravensburg, Inc.*, 99 N.Y.2d 468, 472 (2002).

Here, plaintiffs base their action for strict products liability on design defect and

inadequate warnings. In pleading design defect, plaintiffs allege that the Pfizer defendants

manufactured Celebrex and Bextra without properly testing the products for safety and that these

drugs had risks of causing cardiac events – heart attack, stroke and thromboembulism.  They

further allege, that each plaintiff ingested one or both of these drugs for a period of time, as

prescribed by their doctors, and, as a result, suffered injury.  Finally, plaintiffs allege that the risks

associated with Celebrex and Bextra outweighed their benefits.  Accepting these facts and

according plaintiffs the benefit of every possible favorable inference, the Court determines that

plaintiffs' allegations are sufficient, at the pleading stage, to establish design defect.

Similarly, the Court declines to dismiss the causes of action based on the inadequacy of

the warnings given to physicians. A drug manufacturer is under a duty to warn physicians of the

potential hazards of pharmaceuticals which it knew or should have known to exist, and when this

duty is breached, the drug is rendered unreasonably dangerous. *Bikowicz v. Nedco Pharmacy, Inc.*, 130 A.D.2d 89, 93 (3d Dept. 1987); *Baker v. St. Agnes Hosp.*, 70 A.D.2d 400, 405 (2d Dept. 1979). As noted by this Court in discussing the learned intermediary defense, the adequacy of warnings is generally a question of fact left to trial. *Supra* §2. Where, as here, issue has not been joined and discovery has not taken place, the warnings provided to plaintiffs' doctors have not been revealed and it would be inappropriate to dismiss the complaint for failure to specify the warnings and their inadequacies.

### B. Breach of Warranty

Again, defendants contend that plaintiffs failed to allege the requisite specificity in their claims for breach of both express and implied warranty. In their complaint, plaintiffs allege that defendants, in advertisements to the public and in literature and verbal and written promotions to their physicians, stated that Celebrex and Bextra were safe and unlikely to cause serious side-effects. These allegations, clearly, were not specific and, therefore, did not allege sufficient facts to establish plaintiffs', not the public's, awareness of and reliance upon the advertisements' guarantees. Thus, a cause of action based upon express warranty made to plaintiffs, cannot stand. *See Wojcik v. Empire Forklift, Inc.*, 14 A.D.3d 63, 65 (3d Dept. 2004); *Murrin v. Ford Motor Co.*, 303 A.D.2d 475, 477 (2d Dept. 2003). However, given the fact that this is a pre-discovery dismissal motion and plaintiffs are not privy to the literature and promotions made to their physicians, the cause of action, applying to express representations made to their physicians, is not dismissed.

On the other hand, a cause of action for breach of implied warranty of merchantability and fitness does not rely on express representations, but, instead, requires the plaintiff to "show that

the product was not 'reasonably fit for [its] intended purpose,' an inquiry that 'focuses on the

expectations for the performance of the product when used in the customary, usual and reasonably

foreseeable manners.' " *Wojcik, supra* at 66 quoting *Denny v. Ford Motor Co.*, 87 N.Y.2d 248,

258-9 (1995).  Plaintiffs' contentions in their complaint that Celebrex and Bextra were defective

in that they could cause cardiovascular events,  that defendants-manufacturers failed to properly

test for this and/or intentionally hid and withheld this information, that plaintiffs, relying on

information provided by defendants, ingested Celebrex and/or Bextra "at the direction of [their]

physicians and in accordance with the manufacturer's [sic] instructions" and that they sustained

injuries as a "direct and proximate result," are sufficient to withstand a motion to dismiss their

cause of action for implied warranty.

### 5.  GBL §349

To establish a cause of action pursuant to GBL §349, a plaintiff must prove that the

challenged conduct was consumer-oriented, that it was materially misleading and that he suffered

injury as a result of the conduct. *Stutman v. Chemical Bk.*, 95 N.Y.2d 24, 29 (2000).  Here, the

challenged conduct  ultimately targeted consumers using defendants' pharmaceuticals.  Moreover,

plaintiffs allege that the conduct – misrepresentations regarding the drugs' safety and the

intentional withholding of vital safety information – was materially misleading, causing plaintiffs

injury.  Consequently, plaintiffs' cause of action pursuant to GBL §349 withstands dismissal.

Accordingly, it is

ORDERED that the Pfizer defendants' motion to dismiss is granted  to the extent of

dismissing the misrepresentation, failure to warn and express warranty causes of action as they

relate to the advertisements of the drugs and promotional activity aimed at the public, i.e.

9

plaintiffs, not their physicians; and it is further

ORDERED that the Pfizer defendants' motion to dismiss the remainder of the complaint is granted without prejudice and with leave to replead the actions separately as to each of the six plaintiffs under separate index numbers; and it is further

ORDERED that the Clerk shall enter judgment accordingly.

Date: December 27, 2005
      New York, New York

SHIRLEY WERNER KORNREICH

FILED
JAN 10 2006
COUNTY CLERK'S OFFICE
NEW YORK

10

**Exhibit**

**C**

```
REPORT: RX0920      06/02/03            NY WALGREENS PURGED DATA FOR STORE  02216                        PAGE: 34877

PAT LAST NAME      FIRST                    PAT ADDRESS                                        PAT PHONE#  BIRTH DATE

RX NUMBER      DRUG NAME
DOC NAME       DOC ADDRESS
ORIG DATE  QTY  REFILLS  DAYS SUPPLY  RX COMMENTS              CTL   PLAN    DOC PHONE#      CLAIM #         DEA#
ENTER DATE CIND ENT/VER  FILL/VER REFILL   CUST AMT   TOT AMT  FILL SOLD DATE               PARTIAL CODE    PLAN
-----------------------------------------------------------------------------------------------------------------------

STEINHOFF     , MARGARET       1 PIPER CT. EAST PATCHOGUE, NY 11772                         (631)654-8239  06/17/1959

RX 0558049    HEMORRHOIDAL HC 25MG RECT SUPP 12'S     QUALITEST
BIASETTI, J 116 TERRYVILLE RD PORT JEFFERSON STA, NY 11772
  SIG: UNWRAP AND I 1 SUP REC BID PRN
  XFER TO STORE: 2216  RX#: 0627809  RPH INIT: KYC  ENT INIT: XXX  12/28/2001
07/30/2000  12      3                                                     (631)928-2002                    AB0714508
  07/30/2000  12

07/20/2000  12  DRD/SCP    ORIG      5.00     1.95   07/20/2000  RX  NYGE   0000033181431E                 NYGE
09/09/2000  12  XXX/WJD    RFL001    5.00     1.95   08/13/2000              00000333748801                 NYGE
11/30/2000  12  XXX/GGH    RFL002    5.00     1.52   12/01/2000              00000350690655                 NYGE
12/15/2000  12  XXX/WJD    RFL003    5.00     1.52   12/16/2000              00000352630785                 NYGE

RX 0587947    CIPRO 500MG TABLETS     BAYER
BIASETTI, J 116 TERRYVILLE ROAD JEFFERSON STATIO, NY 11772
  SIG: TK 1 T PO BID
  XFER FROM STORE DEA: BW23Z4161  RPH INIT: KHL
02/24/2001  20      3       10                                            (631)928-2002                    AB0714508
  02/24/2001  20

02/24/2001  20  KHL/KHL    ORIG     15.00    66.70   02/24/2001  RX  NYGE   000003361058547                NYGE
07/17/2001  20  XXX/KHL    RFL001   15.00    69.47   07/18/2001              51917487                       NYGE
10/16/2001  20  JHH/KYC    RFL002   15.00    69.47   10/16/2001              53563196                       NYGE
12/04/2001  20  XXX/SCP    RFL003   15.00    69.47   12/05/2001              02932852                       NYGE

RX 0607522    DEPAKOTE 250MG TABLETS     ABBOTT
RUBINSTEIN, J 640 BELLE TERRE RD PORT JEFF, NY 11772
  SIG: TK 1 T QAM AND 2 TS QPM
07/25/2001  270     1       90                                            (631)331-0715                    BR1540536
  07/25/2001  270

07/25/2001  270 WJD/WJD    ORIG     15.00   208.19   07/27/2001  RX  NYGE   51563194                       NYGE
11/12/2001  270 XXX/JHH    RFL001   15.00   208.19   11/12/2001              02289537                       NYGE

RX 0607523    AMITRIPTYLINE 25MG TABLETS     MYLAN
RUBINSTEIN, J 640 BELLE TERRE RD PORT JEFF, NY 11772
  SIG: TK 1 T HS
07/25/2001  90      1       90                                            (631)331-0715                    BR1540536
  07/25/2001  90

07/25/2001  90  WJD/WJD    ORIG      5.00     1.13   07/27/2001  RX  NYGE   01525733                       NYGE
11/11/2001  90  NMH/JHH    RFL001    5.00     4.74   11/21/2001              54465961                       NYGE

RX 0609245    DICLOFENAC SODIUM 75MG TABLETS     PUREPAC
BIASETTI, S 428 W 59TH ST NEW YORK, NY 11772
  SIG: TK 1 T PO TID PC
08/08/2001  80      3       26                                            (212)523-4000                    BB4131873
  08/08/2001  80

08/08/2001  80  MMH/WJD    ORIG      5.00    36.02   08/08/2001  RX  NYGE   52817323                       NYGE
11/05/2001  80  XXX/JHH    RFL001    5.00    36.02   11/05/2001              02762334                       NYGE

RX 0639177    CELEBREX 200MG CAPSULES     SEARLE
BERNSTEIN, G 3400 NESCONSET HWY SETAUKET, NY 11772
  SIG: TK 1 C PO QAM
01/07/2002  30      0       30                                            (631)751-8700                    AB2602111
```

REPORT: RX09920          06/02/03          NY WALGREENS PURGED DATA FOR STORE 02216                    PAGE: 34878

PAT LAST NAME          FIRST                              PAT ADDRESS                                   PAT PHONE# BIRTH DATE

RX NUMBER      DRUG NAME                                  DRUG MFR                                      DEA#
DOC NAME       DOC ADDRESS            QTY  REFILLS DAYS SUPPLY   RX COMMENTS         CTL    PLAN        DOC PHONE#
ORIG DATE          ENTER DATE CIND ENT/VER  FILL QTY  REFILL   CUST AMT   TOT AMT   FILL SOLD DATE   CLAIM #      PARTIAL CODE   PLAN

01/07/2002     MMH/KYC           30        ORIG              ROERIG                                                              NYGE
RX 0629515     ZOLOFT 100MG TABLETS                                                 15.00      59.92   01/07/2002            55011812
RUBINSTEIN, J 640 BELLE TERRE RD PORT JEFF, NY 11772                                                  RX    NYGE
SIG: TK 1 T QD                                                                                                (631)331-0715            BR1540536
01/09/2002              30        0         30

01/09/2002     WJD/WJD           30        ORIG              SEARLE                                                             NYGE
RX 0629606     CELEBREX 100MG CAPSULES                                              15.00      53.79   01/09/2002            03697261
SAVINO, R 635 BELLE TERRE ROAD PORT JEFFERSON, NY 11772                                               RX    NYGE
SIG: TK ONE C PO BID                                                                                          (631)474-0008            BSS511503
01/09/2002              60        0         30

01/09/2002     JMF/WJD           60        ORIG              ROERIG                                                             NYGE
RX 0631759     ZOLOFT 50MG TABLETS                                                  15.00      73.96   01/14/2002            55606186
RUBINSTEIN, J 640 BELLE TERRE RD PORT JEFF, NY 11772                                                  RX    NYGE
SIG: TK 1 T PO QAM                                                                                            (631)331-0715            BR1540536
12/21/2001              90        1
01/24/2002              90        90        ORIG                                    15.00     186.89   01/28/2002            55511452        NYGE

**Exhibit**

**D**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------------

IN RE: NEW YORK BEXTRA AND CELEBREX
PRODUCT LIABILITY LITIGATION

Index No. 762000/06

Hon. Sirley W. Kornreich

------------------------------------------------------------------

THIS DOCUMENT APPLIES ONLY TO CASES
LISTED IN APPENDIX A TO MOVING PAPERS
(RE: COMPLIANCE MOTION NO. 2)

**ATTORNEY AFFIRMATION**

------------------------------------------------------------------

STATE OF NEW YORK    )
                     ) ss:
COUNTY OF BROOME     )

     RONALD R. BENJAMIN, an attorney duly admitted to practice law before the courts of

the State of New York, hereby affirms under penalties of perjury, except as to matters stated

upon information and belief, as follows:

     1.  I am the attorney for certain plaintiffs as identified and listed in Appendix A to the

Compliance Motion No. 2 of defendants Pfizer Inc., Pharmacia Corporation, and G. D. Searle,

LLC (collective "Pfizer defendants"), seeking to dismiss their claims against the Pfizer

defendants with prejudice for failing to comply with Case Management Order No. 6 and the

Order entered by the Special Master, United States District Judge Fern M. Smith (Ret.), on

November 5, 2007.

     2.  This affirmation supports opposition to the motion as well as the plaintiffs' cross-

motion for an extension of time of sixty (60) days to comply with the requirements set forth the

aforesaid orders on which the motion is based.

     3.  As this Court is no doubt aware, approximately two weeks after Mag. Smith entered

the aforesaid order, the Honorable Charles R. Breyer, United States District Judge presiding over

MDL No. 1699, entered a lengthy opinion dated November 19, 2007, in which he held:

> After carefully considering the parties' memoranda and evidence, and the
> testimony offered at the hearing, the Court concludes that plaintiffs have not
> presented scientifically reliable evidence that Celebrex causes heart attacks or
> strokes when ingested at the 200 milligram a day dose.

In Re: Bextra and Celebrex Marketing Sales Practices and Product Liability Litigation, 2007 U.S.

Dist. LEXIS 85382, at *40 (N.D.Cal. 2007).

    4.   Moreover, in the interim, the Honorable Eldon Fallon, presiding over the Vioxx MDL

No. 1657, entered Pre-Trial Order No. 28, which announced a Master Settlement Agreement and

imposed extensive requirements that were intended to and do affect the claims of plaintiffs with

Vioxx claims pending in this Court. *See PTO 28 annexed as **Exhibit A**.*

    5.   Undersigned counsel is listed as representing twenty-one of the plaintiffs in Appendix

A to the Pfizer defendant's motion, and also represents other plaintiffs before this Court who are

not the subject of the motion.

    6.   As a result of Judge Breyer's decision and the overlapping events that have clearly

raised significant issues as to the likelihood of success of each of the plaintiff's claims, your

affiant has had to devote considerable time and effort to evaluate the individual claims of the

plaintiffs he represents in the three different forums, and whether the claims of certain of the

plaintiffs in this Court should be discontinued as a result of the impact of Judge Breyer's

decision, thus obviating the necessity for compliance with CMO No. 6 or Magistrate Fern's order

which was issued prior to Judge Breyer's decision and PTO 28 in the Vioxx MDL.

    7.   It is respectfully submitted that counsel should be afforded additional time to

coordinate the effort to identify claims that should be discontinued, and to advise those plaintiffs

of the advice that they discontinue their claims, as well as to determine which plaintiff's claims, if any, should not be discontinued.

8. At this juncture, I can represent that I am ready to recommend discontinuance to a majority of the plaintiffs who are listed in Appendix A, but require additional time to handle this effort in a meaningful manner to preserve meritorious claims.

9. In according to this rules, I attempted to contact counsel for the Pfizer defendants, Christopher Strongosky, Esq., regarding this cross-motion and was advised he was not available today, and I have not received a return call from any attorney in his office.

10. It is respectfully submitted that the Pfizer defendants will be not prejudiced by the extension of time requested herein, particularly in light of the matters mentioned above.

WHEREFORE, it is respectfully submitted that this Court should deny Compliance Motion No. 2 as to the plaintiffs represented by the Law Office of Ronald R. Benjamin who are listed in Appendix A, or, in the alternative, should enter a conditional order granting the plaintiffs represented by the Law Office of Ronald R. Benjamin an extension of time, to and including sixty (60) days after the March 6, 2008 return date, and such other and further relief as the Court deems just and proper.

Dated: February 25, 2008
      Binghamton, New York

                                    Ronald R. Benjamin
                                      LAW OFFICE OF RONALD R. BENJAMIN
                                      Attorneys for Certain Plaintiffs in Appendix A
                                      126 Riverside Drive, P. O. Box 607
                                      Binghamton, NY 13902-0607
                                      607/772-1442

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
MARGARET STEINHOFF, *et ux.*
MICHAEL STEINHOFF,

                                Plaintiff,

      -vs-                                  Case No. 08-Civ-3074

MERCK & CO., INC.,

                                Defendant.
-----------------------------------------------------------------

## PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO STAY PENDING A DECISION ON TRANSFER BY THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION, AND IN SUPPORT OF THE CROSS-MOTION PURSUANT TO 28 U.S.C. 1447(c) TO REMAND THE INSTANT CASE TO THE NEW YORK STATE SUPREME COURT, NEW YORK COUNTY FROM WHICH IT WAS REMOVED

      This memorandum of law is submitted in opposition to defendant Merk & Co.'s motion to stay all proceedings pending a decision by the Judicial Panel on Multi-District Litigation, and further supports plaintiff's cross- motion to remand this action pursuant to 28 U.S.C. 1447(c) back to the New York State Supreme Court for the County of New York from which it was improperly removed by defendant Merck & Co., Inc., on the grounds of alleged fraudulent joinder.   Plaintiff respectfully submits that, because the removal to this Court is based solely on diversity jurisdiction, the cross-motion is dispositive as to the Court's lack of jurisdiction, and, therefore, it is proper to consider and grant this cross-motion despite the removing defendant's intention to seek transfer to multi-district litigation regarding its product.

## STATEMENT OF FACTS

      Plaintiff was originally named in the caption of a multi-plaintiff action filed on February 3, 2005, in the Supreme Court of the State of New York for the County of New York, entitled <u>Mary Ann Sabatino</u>

& Raymond Sabatino, Lucretia Nobile et ux., Matthew A. Nobile Anthony Orioles et ux. Geraldine

Orioles, Hilda Peltz et ux. Jack J. Peltz, & Margaret Steinhoff et ux. Michael Steinhoff, v. Pfizer, Inc.,

Pharmacia Corporation, a wholly-owned subisidiary of Pfizer, Inc., and Pharmacia & Upjoihn Company,

a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Index No. 101572/05,

as confirmed by Merck's Acknowledgment of Service. *See Exhibit A to Attorney Affirmation of Ronald*

*R. Benjamin ("Benjamin Aff.")*.    By Administrative Order dated April 14, 2006, all cases seeking

damages for ingestion of Bextra, Celebrex and Vioxx, whether alone or in combination, were assigned

to the Hon. Shirley W. Kornreich for the purpose of coordination for all purposes. *See Administrative*

*Order, annexed as last document in Merck's Ex.4., at page 1.*    Thereafter, plaintiffs in multi-plaintiff

complaint captions were required to file separate actions, and plaintiff commenced a separate action by

filing of the complaint with the New York Supreme Court for the County of New York on August 11,

2006. *See Complaint annexed as Exhibit 1 to Notice of Removal*    As Merck appears to concede in its

moving papers, it did not seek to remove the original complaint on fraudulent joinder grounds during

the one-year period after it was filed, nor the separate complaint for the one-year period after it was filed.


On its face, the complaint alleges product liability and fraud claims against defendant Merck &

Co., as well as Pfizer, Inc., arising out of the plaintiff's ingestion of their respective drugs Vioxx and

Celebrex. *Id., at paras. 15-16.*    It is clear from the complaint that plaintiff alleged indivisible injury

based on the same personal injury risks posed by these two drugs.  Defendant Merck has been provided

with signed authorizations permitting it to obtain plaintiff's pharmaceutical records, and has not

supported its motion with any evidence plaintiff did not, in fact, ingest Pfizer's drug as well as Merck's.

On the face of the original multi-plaintiff complaint and the instant complaint, it is clear plaintiff

did not sue any physician, salesman distributor or fictitious John Doe; rather, they confirm she sued only

the manufacturers of the two Cox-II inhibitor drugs she ingested, one of which was manufactured and marketed by Merck's competitor, Pfizer  The complaint alleged both the plaintiff and defendant Pfizer are citizens of the State of New York, inasmuch as they both reside in the State of New York *(Notice of Removal, at para. 5),* and defendant's removal papers do not in any respect indicate there is any evidence that defendant Pfizer is not a citizen of New York State as alleged in the complaint at the time of filing. Instead, defendant Merck appears to concede that, absent the alleged fraudulent joinder, diversity of citizenship was not a basis for federal jurisdiction in this case at the time it was filed.

Plaintiff turns to the facts alleged that provide the basis for the claims against Pfizer.  The complaint alleges that plaintiff "ingested the drug Celebrex in or about 2002, as directed by her physicians and in accordance with the respective manufacturer's instructions." *Merck Ex. 1, Complaint, at para. 16.*  The ingestion of Celebrex at the 200 mg daily dose in 2002 is documented in medical records. *See Ex. C to Benjamin Aff.*

Merck is fully aware there is ongoing nationwide litigation against the Pfizer defendants, as well as multidistrict litigation, and that on November 19, 2007, the Honorable Charles R. Breyer issued an opinion holding that the "plaintiffs have not presented scientifically reliable evidence that Celebrex causes heart attacks or strokes when ingested at the 200 milligram a day dose." IN RE: BEXTRA AND CELEBREX MARKETING SALES PRACTICES AND PRODUCT LIABILITY LITIGATION (MDL No. 1699), 524 F. Supp. 2d 1166, 1169, 2007 U.S. Dist. LEXIS 85382 at *40 (N.D.CA 2007).

Judge Breyer's order came within days after the Compliance Motion Order entered by Special Master Fern M. Smith, which required expedited compliance with discovery requirements of Case Management Order No. 6 within 21 days. *See Merck's Ex. 4 annexed to the Notice of Removal.* However, Judge Breyer's decision intervened and clearly impacted the viability of the plaintiff's

claims based on her ingestion of Celebrex.   Indeed, thereafter, Pfizer filed a motion for failure to

comply with Judge Smith's expedited order.   On February 25, 2008, ounsel for plaintiff filed a cross-

motion for an extension of time based on the fact that "Judge Breyer's decision and the overlapping

events...have clearly raised significant issues as to the likelihood of success of each of the plaintiff's

claims [based on Celebrex]" which required him to evaluate the individual claims and identify

claims that should be discontinued and advise the plaintiffs of the same.   *See Ex. D to Benjamin Aff.,*

*Attorney Affirmation, at paras. 6-7.*   Thereafter, on March 5, 2008, plaintiff's counsel signed the

Stipulation of Dismissal with Prejudice Against Pfizer Defendants. *See Ex. 2 to Notice of Remand.*


## ARGUMENT

### The Removing Defendant Has  Failed to Meet its Burden to Show Entitlement  to  Removal Based on the Matters Alleged with Regard to Purported  Fraudulent Joinder With Respect to the Claims Against Pfizer Within the First Year After the Complaint Was Filed, And Is Not Entitled to a Stay and Granting the Cross-Motion to RemandWould Properly Divest the Federal Courts of Jurisdiction to Transfer to the MDL.

Defendant Merck concedes that its notice of removal does not meet the time limitations in the

rules, and seeks to place the blame for the same on the plaintiff.   In response, plaintiff respectfully

submits that, as the removing party, defendant Merck has "the burden of establishing that Pfizer is a

nominal party and any doubts are to be resolved in favor of remand", since its notice of removal is

tantamount to a claim that Pfizer was "joined for the sole purpose of destroying diversity." Marun

Fashion and Sportswear, Inc., v.  The Gillman Knitwear Co., 1992 U.S. Dist. LEXIS 6298, at *1-2

(SDNY May 4, 1992).  Indeed, it is respectfully submitted the law is  well settled that:

> "Removal statutes are construed narrowly and all uncertainties are resolved in favor of
> remand in order to promote the goals of federalism, restrict federal court jurisdiction, and
> support the plaintiff's right to choose the forum." *Curtin v. Port Auth. of New York, 183 F.
> Supp. 2d 664, 667 (S.D.N.Y. 2002);* accord *Somlyo v. J. Lu-Rob Enter., Inc., 932 F.2d*

*1043, 1045-46 (2d Cir. 1991); Stamm v. Barclays Bank, 1996 U.S. Dist. LEXIS 15781, No. 96 Civ. 5158 (SAS), 1996 WL 614087, at *1 (S.D.N.Y. Oct. 24, 1996); see Gilman v. BHC Sec., Inc., 104 F.3d 1418, 1428 (2d Cir. 1997).* The removing party has the burden of demonstrating that federal jurisdiction exists. *Grimo v. Blue Cross/Blue Shield, 34 F.3d 148, 151 (2d Cir. 1994); Curtin, 183 F. Supp. 2d at 667.*

Rubin v. Mastercard International, LLC, 2004 U.S. Dist. LEXIS 20528, at *3 (SDNY Oct. 14, 2004).

Removing defendant Merck has failed to demonstrate that plaintiff has not pled a cause of action against Pfizer.  Merck, as the removing defendant, has not adduced any facts showing that the medical literature raised no concerns as to the cardiovascular risks of Vioxx and Celebrex prior to plaintiff's ingestion thereof.   The safety and risks of Vioxx, Celebrex and Bextra, all of which are selective cyclooxygenase 2 (COX-2) inhibitors, has been a matter of debate and ongoing study throughout the instant litigation.   This is clearly confirmed by Judge Breyer's *Daubert* decision issued November 19, 2007.

In this case, the reason that Pfizer was stipulated out of the case was the ruling on expert testimony concerning 200 mg dose of Celebrex.  Plaintiff's complaints against Pfizer and Merck have been pending for almost three years, which, plaintiff submits, supports remand in that more than a full year passed after plaintiff filed the separate action that was required by the New York court.  The length of time these product liability claims have been pending evinces there was no fraudulent joinder despite the evolution of the litigation and the later events caused by Judge Breyer's decision.

Finally, plaintiffs respectfully submit that this Court should grant the instant motion for remand particularly in light of the possible transfer to the Vioxx MDL No. 1657 as suggested by defendant Merck in its motion, since "judicial efficiency and economy are better served by this Court considering, ***before the case is transferred to the MDL Court***, the Motion to Remand." Barragan v. Warner-Lambert Co., 216 F.Supp.2d 627,630, 2002 U.S.Dist. LEXIS 16443, at *5 (WD Tex. 2002) [emphasis added]. "This Court, as transferor Court, retains exclusive jurisdiction until the *§ 1407* transfer becomes

-5-

effective and as such, motions to remand should be resolved before the panel acts on the motion to

transfer." *Tortola Restaurants, L.P. v. Kimberly-Clark Corp., 987 F. Supp. 1186, 1189 (N.D.Cal. 1997).*

There is a clear indication in the Judicial Panel's Rules of Procedure that:

> the pendency of a motion, order to show cause, conditional transfer order or conditional
> remand order before the Panel concerning transfer or remand of an action pursuant to *28*
> *U.S.C. §1407* does not affect or suspend orders and pretrial proceedings in the district court
> in which the action is pending and does not in any way limit the pretrial jurisdiction of that
> court.

*R. P. JPML 1.5* (2001).  Moreover:

> When notified of the filing of a motion for transfer, therefore, matters such as motions to
> dismiss or to remand, raising issues unique to the particular case, may be particularly
> appropriate for resolution  before the Panel acts on the motion to transfer. The Panel has
> sometimes delayed ruling on transfer to permit the court in which the case is pending to
> decide critical, fully briefed and argued motions.

*Manual for Complex Litigation,* § 20.132, at 220-221 (4th Ed.) (emphasis added).

## CONCLUSION

In view of the aforesaid matters, it is respectfully requested that the defendant's motion for a

stay of these proceeding should be DENIED, and plaintiff's cross-motion to remand this action to the

New York State Court in New York should be GRANTED.

Dated:    April 10, 2008
          Binghamton, New York

RONALD R. BENJAMIN   Fed. Bar No. 101131.
LAW OFFICES OF RONALD R. BENJAMIN
Attorneys for Plaintiff
126 Riverside Drive, P. O. Box 607
Binghamton, New York 13902
607/772-1442